David Chiappetta (SBN 172099)
E-mail: DChiappetta@perkinscoie.com
Brian Hennessy (SBN 226721)
E-mail: BHennessy@perkinscoie.com
**PERKINS COIE LLP**
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone:  (650) 838-4300
Facsimile:  (650) 838-4350

Attorneys for Plaintiff
Tagged, Inc.

*ORIGINAL FILED*

APR 17 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*WHA*

| | |
|---|---|
| Tagged, Inc., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> Does 1 through 10 as Affiliate Programs for XXXBLACKBOOK.COM, and Does 11 through 500 as Affiliate Spammers for XXXBLACKBOOK.COM, <br><br> Defendants. | **Case No.** CV 09 1713 <br><br> **TAGGED, INC.'S COMPLAINT FOR: (1) FRAUD AND DECEIT; (2) AIDING AND ABETTING FRAUD AND DECEIT; (3) VIOLATION OF CAN-SPAM, 15 U.S.C. § 7701,** *et seq.***; (4) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17529.5; (5) VIOLATION OF COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 (6) VIOLATION OF CALIFORNIA PENAL CODE § 502 (7) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; (8) INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS; (9) TRESPASS TO CHATTELS; (10) COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101,** *et seq.***; (11) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. § 1201,** *et seq.* **(12) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL.** |

## I.     INTRODUCTION

1.      Tagged, Inc. ("Tagged") operates a social networking website, www.tagged.com, with more than 70 million registered users and over 2.5 billion page-views per month.

2.      Due to its popularity, spammers, such as Defendants, have targeted and sought to illegally exploit Tagged and its users for personal profit.

3.      Specifically, Defendants have engaged in a campaign of initiating unsolicited commercial electronic mail messages to Tagged users.  Through this spam, Defendants seek to drive online traffic to xxxblackbook.com for their own profit.  xxxblackbook.com is a website, which allows users to view graphic pictures of nude men and women, view live sex videos, and find others within a specified geographic area who are interested in having casual sex.

4.      xxxblackbook.com advertises as follows: "Join the hottest adult sex community on the internet. Meet other adult members in your area looking for sex. Securely view and share fantasies, photos, and videos!"

5.      xxxblackbook.com offers users a selection of various search categories depending on the user's interest, including: "live webcam chat," "live webcam sex," "perform on webcam," "erotic email fantasies," "phone sex," "photo and email exchange," "face to face hookup," "1 on 1 sex," "threesome," "group sex," and "other activities."

6.      Doe Defendants 1 through 10 are the organizers, owners, operators, and/or funders of affiliate marketing programs (collectively referred to herein as "Affiliate Programs") that compensate internet marketers, including Doe Defendants 11 through 50 (collectively referred to herein as "Affiliate Spammers"), for driving online traffic to xxxblackbook.com.

7.      The Affiliate Spammers, with the assistance, support, and encouragement of the Affiliate Programs, have embarked on a campaign of initiating hundreds of thousands of spam emails to Tagged users through Tagged.com in violation of a multitude of federal and state laws as alleged herein.

## II.     THE PARTIES

8.      Tagged is a Delaware corporation with its principal place of business at 840 Battery Street, 2nd floor, San Francisco, California 94111.

9.      The Affiliate Programs and Affiliate Spammers are persons or entities responsible in whole or in part for the wrongdoing alleged herein and Tagged is ignorant of their names and identities.  Tagged is informed and believes, and based thereon alleges that each of the Affiliate Programs and Affiliate Spammers participated in, ratified, endorsed, facilitated, or was otherwise involved in the acts complained of, and that each has liability for such acts.  Tagged will amend this Complaint if and when the identities of such persons or entities and the scope of their actions become known.

10.     The Affiliate Programs and the Affiliate Spammers are referred to collectively in this Complaint as "Defendants."

### III.   JURISDICTION

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of federal statutes, including 15 U.S.C. § 7701, *et seq.* ("CAN-SPAM"), 18 U.S.C. § 1030 (Computer Fraud and Abuse Act), 17 U.S.C. § 101, *et seq.* (Copyright Act), and 17 U.S.C. § 1201, *et seq.* (Digital Millennium Copyright Act).

12.     The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this District.

14.     Defendants initiated and/or transmitted their spam emails through Tagged servers, located in San Francisco, California, thereby giving rise to personal jurisdiction in this district.

### IV.   INTRADISTRICT ASSIGNMENT

15.     Intradistrict Assignment is proper in the San Francisco Division of this Court pursuant to Civil Local Rules 3-5(b) and 3-2(c) because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco.

### V.   FACTUAL BACKGROUND

**A.     Tagged's Website and Its Users**

16.     Tagged owns and operates http://www.tagged.com, a popular social networking website with more than 70 million registered users.

17.     To communicate with other Tagged users and become part of the Tagged social network, Tagged requires that all potential users complete a registration process.  This process is intended to ensure that accounts are not created using false identities, as such accounts are often abused by wrongdoers such as Defendants.

18.     Once the registration process is complete, the Tagged user is given access to the Tagged networking website and can begin communicating with other Tagged users through Tagged.com.

19.     Tagged users are given access to use Tagged.com solely for social purposes and are prohibited from using Tagged.com for commercial purposes.

20.     Tagged users may create and design their own profile ("Profile") by adding photographs, videos, journal entries, and other personal information they choose.  Tagged users can design their Profiles with the color, look, and feel of their choice.

21.     Tagged permits registered users to communicate with each other through a variety of methods, including sending an internal message to another user's Tagged inbox ("Message") and posting a comment to another user's Tagged Profile ("Comment").  Within the Tagged system, users may only be contacted by other registered Tagged users, or Tagged itself.

22.     When a Tagged user sends another user a Message and/or Comment, the sender thereby also initiates an external email to the personal internet email address that the recipient provided during the registration process.

23.     Messages can only be viewed by the registered Tagged user to whom they are sent. Messages displayed in the user's inbox contain a "from" line with the sender's name, the date, and the time the Message was sent, a "subject" line, and an "action" line, which allows the user to either delete the Message from his or her inbox or reply to the sender.

24.     Unlike Messages, Comments are posted on the Tagged user's Profile and can be viewed by all registered Tagged users who have been allowed access to the Tagged user's Profile. Thus, Comments sent by Defendants have the ability to deceive not only the user, but all individuals who have access to the user's Profile.

1   25.   Defendants have used the Messages, Comments, and external email messages

2   referenced above (collectively "emails") for commercial purposes, to profit for their own benefit

3   and to the detriment of Tagged and its users.

4   **B.   Defendants' Wrongful Actions**

5   26.   The Affiliate Spammers have embarked on a campaign of initiating hundreds of

6   thousands of spam emails to Tagged users through Tagged.com seeking to drive online traffic to

7   xxxblackbook.com so they can earn compensation from the Affiliate Programs.

8   27.   The spam emails are designed by the Affiliate Spammers to fraudulently entice

9   Tagged users to click on or enter the links provided in the contents of the spam emails, which lead

10   Tagged users to xxxblackbook.com.

11   28.   For instance, on April 9, 2009, Affiliate Spammers initiated 212,103 spam emails

12   to Tagged users through Tagged.com with the following content:

13   Hey,Bolo L,thanks for stopping' by.... HORNY???

14   Hey sexy guys and gals, thanks for stopping' by.... HORNY??? If you want to see

15   me live on my webcam, just click here to join.

16



17

18

19

20

21

22

23

24

25

26

27   p.s. It doesn't cost anything for a membership but you gotta verify your age

28

29.     Tagged users who were tricked into clicking on the link provided were taken to a webpage showing xxxblackbook.com and the Affiliate Spammers were credited by the Affiliate Programs for bringing these users to the site.

30.     On April 10, 2009, Affiliate Spammers initiated 693,000 spam emails to Tagged users through Tagged.com with the following content:

Hey,Patrick K,tell me what to do

Hey sexy guys and gals, thanks for stopping' by.... HORNY??? If you want to see me live on my webcam, just click here to join . p.s. It doesn't cost anything for a membership but you gotta verify your age.



31.     Tagged users who were tricked into clicking on the link provided were redirected to a webpage showing xxxblackbook.com and the Affiliate Spammers were credited by the Affiliate Programs for bringing these users to the site.

32.     On August 4, 2008, Affiliate Spammers initiated more than 12,000 spam emails to Tagged users through Tagged.com with the following content: "what happened? are we still meeting tonight? If so lets start with little chat on hornypro.com."

33.     Tagged users who were tricked into visiting the link provided were automatically redirected to xxxblackbook.com and the Affiliate Spammers were credited by the Affiliate Programs for bringing these users to the site.

34.     The above are merely three examples of the hundreds of thousands of fraudulent spam emails initiated by the Affiliate Spammers to Tagged users through Tagged.com.

35.     The Affiliate Spammers initiated the fraudulent spam emails intending to deceive Tagged users into visiting xxxblackbook.com so that the Affiliate Spammers could be compensated by the Affiliate Programs.

36.     This was part of the Affiliate Spammers' fraudulent scheme to defraud Tagged and its users by (a) creating Tagged.com accounts falsely posing as individuals seeking to socialize; (b) appearing on and using Tagged.com, a social network, to deceive individuals and conceal that their true secret purpose was commercial; (c) transmitting emails over Tagged.com, a social network, so as to deceive Tagged and its users into believing the emails were social in nature; and (d) composing emails on Tagged.com that fraudulently misrepresented the sender as a person seeking social interaction, when, in fact, the emails were commercial in nature. Tagged reasonably relied on the Affiliate Spammers' fraudulent scheme in allowing the Affiliate Spammers to create and maintain accounts, allowing the Affiliate Spammers to access the Tagged network, and allowing the Affiliate Spammers to send emails to other Tagged users through the Tagged network.

37.     The Affiliate Programs are liable as co-conspirators for all of the wrongs committed by the Affiliate Spammers alleged herein, since the Affiliate Programs (a) were aware that the Affiliate Spammers were accessing and would continue to access Tagged.com without

authorization to initiate the fraudulent spam emails, (b) agreed to and did pay the Affiliate Spammers with the intent of encouraging them to take such actions; (c) did this to profit from the internet traffic generated by the fraudulent spam emails, and (d) Tagged was damaged as a result.

38.     In furtherance of the conspiracy, the Affiliate Spammers repeatedly and systematically initiated hundreds of thousands of fraudulent spam emails to Tagged users through Tagged.com.

39.     On information and belief, the Affiliate Spammers use computer software and other automated devices and programs to initiate or assist them to initiate spam emails to Tagged users through Tagged.com.

40.     The Affiliate Spammers deliberately circumvented numerous Tagged technological security measures in order to initiate hundreds of thousands of spam emails to Tagged users through Tagged.com.  For instance, when Tagged instituted technological security measures to block the Affiliate Spammers from fraudulently directing users to websites such as xxxblackbook.com, the Affiliate Spammers deliberately circumvented these measures by creating intermediate landing pages, such as hornypro.com, which redirected users to xxxblackbook.com or pages with different URLs which embedded the xxxblackbook.com website.  Similarly, when Tagged implemented security measures to limit the number of emails that a user could send from a single user account in one day, the Affiliate Spammers created multiple fraudulent Tagged user accounts from which they sent their spam emails.

41.     The Affiliate Spammers accessed and copied, and continue to access and copy, the Tagged website (including, but not limited to, creation of cached copies of the website) to initiate their spam emails.

42.     These acts of access and copying are unauthorized and without permission.

43.     Defendants' actions are knowing, intentional, willful, malicious and fraudulent and at all relevant times, the Defendants were aware that their illegal acts would harm Tagged and its computer network and servers.

# VI.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
## FRAUD AND DECEIT AGAINST DEFENDANTS

44.     Tagged realleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

45.     **Intentional Misrepresentation:** By engaging in the above, the Affiliate Spammers represented themselves to Tagged and its users as individuals seeking to use Tagged.com for social networking purposes.

46.     The representations were false, since the Affiliate Spammers were not using Tagged.com for social networking purposes, but instead, were seeking to entice Tagged users to click on or enter links that led them to xxxblackbook.com.  The Affiliate Spammers did this for their own profit and to the detriment of Tagged and its users.

47.     The Affiliate Spammers knew their representations were false when they made them and intended that Tagged and its users rely on the representations, as part of their scheme to entice Tagged users to click on or enter links that drove online traffic to xxxblackbook.com.

48.     Tagged and its users reasonably relied on the Affiliate Spammers' representations and were harmed as a result.  Tagged allowed the Affiliate Spammers to create and maintain their Tagged.com user accounts, access the Tagged network, and send emails over the Tagged network based on the Affiliate Spammer's false representations and concealment.  A multitude of Tagged users were deceived into actually clicking or entering the links provided in the contents of the Affiliate Spammers' fraudulent spam emails, which led them to xxxblackbook.com.

49.     Defendants' fraudulent scheme has injured Tagged by (a) causing Tagged's servers to decrease their response time; (b) causing higher-bandwidth utilization; (c) causing Tagged to expend significant sums of money on expensive hardware and software repairs and upgrades to protect Tagged's users against spam commercial emails; (d) causing Tagged to hire employees to monitor and stop spammers, such as Defendants, from initiating spam; (e) deterring users and potential users from using Tagged.com; (f) damaging Tagged's good will and reputation with its customers; and (g) causing other injuries to Tagged.

50.     Tagged's reliance on the Affiliate Spammers' representations was a substantial factor in causing the harm.

51.     **Concealment:** The Affiliate Spammers intentionally failed to disclose their secret intent to use Tagged.com for the fraudulent purpose of initiating spam emails with links that led Tagged's users to xxxblackbook.com for their own profit and to the detriment of Tagged and its users.  Neither Tagged nor its users knew of the Affiliate Spammers' secret intent.  The Affiliate Spammers intended to deceive Tagged and its users by concealing this secret intent.  Tagged and its users reasonably relied upon the Affiliate Spammers' deception and were harmed as a result. The Affiliate Spammers' concealment was a substantial factor in causing this harm.

52.     As a result of this wrongful conduct, Tagged was damaged in an amount to be proven at trial.

53.     The Affiliate Programs are liable as co-conspirators for the fraud and deceit, including intentional misrepresentation and concealment, committed by the Affiliate Spammers for the reasons alleged above.

54.     Tagged is informed and believes that Defendants' conduct was undertaken with the intent to injure Tagged, or with a willful and conscious disregard of Tagged's rights, and constitutes clear and convincing evidence of oppression, fraud and malice under California Civil Code § 3294.  As a result, Tagged is entitled to an award of punitive damages against Defendants in an amount sufficient to deter them from future misconduct.

<u>**SECOND CLAIM FOR RELIEF**</u>
**AIDING AND ABETTING FRAUD AGAINST THE AFFILIATE PROGRAMS**

55.     Tagged realleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

56.     The Affiliate Programs knew that fraud was being committed by the Affiliate Spammers against Tagged and its users.  The Affiliate Programs gave substantial assistance or encouragement to the Affiliate Spammers through the actions alleged above.  The Affiliate Programs' conduct was a substantial factor in causing harm to Tagged.

1    57.    As a result of this wrongful conduct, Tagged was damaged in an amount to be

2    proven at trial.

3    58.    Tagged is informed and believes that Defendants' conduct was undertaken with

4    the intent to injure Tagged, or with a willful and conscious disregard of Tagged's rights, and

5    constitutes clear and convincing evidence of oppression, fraud and malice under California Civil

6    Code § 3294.  As a result, Tagged is entitled to an award of punitive damages against Defendants

7    in an amount sufficient to deter them from future misconduct.

### THIRD CLAIM FOR RELIEF
**VIOLATION OF CONTROLLING THE ASSAULT OF NON-SOLICITED
PORNOGRAPHY AND MARKETING ("CAN-SPAM"),
15 U.S.C. 7701 *et seq.* AGAINST DEFENDANTS**

59.    Tagged realleges and incorporates by reference, as if fully set forth herein, all of

the preceding paragraphs.

60.    Tagged is a provider of Internet access service as defined in 15 U.S.C. § 7702(11)

because it provides a service that enables users to access content, information, electronic mail, or

other services offered over the Internet, and may also include access to proprietary content,

information, and other services as part of a package of services offered to consumers.

61.    Tagged's computers are involved in interstate and foreign commerce and

communication and are therefore protected computers under 15 U.S.C.§ 7702(13).

62.    Tagged is informed and believes, and based thereon alleges, that Tagged users'

computers receiving spam emails and using Tagged.com are involved in interstate and foreign

commerce and communication and are therefore protected computers under 15 U.S.C.§ 7702(13).

63.    The Affiliate Spammers have and continue to "initiate" commercial electronic

mail messages, as defined in 15 U.S.C. § 7702(9), because they are originating or transmitting

such messages or procuring the origination or transmission of such messages, as defined in 15

U.S.C. § 7702(12) and 15 U.S.C. § 7704(g)(2).

64.    The Affiliate Programs are "initiating" commercial electronic messages, as defined

in 15 U.S.C. § 7702(9), because they are originating or transmitting such messages or procuring

the origination or transmission of such messages, since they intentionally pay or provide other

1    consideration to, or induce, the Affiliate Spammers to initiate such messages on their behalf with

2    actual knowledge, or by consciously avoiding knowing, whether the Affiliate Spammers are

3    engaging, or will engage, in a pattern or practice that violates CAN-SPAM, as defined in 15

4    U.S.C. §§ 7702(12) and 7706(g)(2).

5        65.     The spam emails initiated by Defendants were "commercial electronic mail

6    messages" because they are electronic mail messages whose primary purpose was the commercial

7    advertisement or promotion of a commercial product or service (including content on an Internet

8    website operated for a commercial purpose) as provided in 15 U.S.C. § 7702(2)(A), (5), and (6).

9        66.     Defendants initiated the transmission, to a protected computer, of commercial

10    electronic mail messages that contained, or were accompanied by, header information that is

11    materially false or materially misleading in violation of 15 U.S.C. § 7704(a)(1).

12        67.     Defendants engaged in a pattern and practice of initiating the transmission to a

13    protected computer of commercial electronic mail messages with actual knowledge, or

14    knowledge fairly implied on the basis of objective circumstances, that the subject headings of the

15    message would be likely to mislead a recipient, acting reasonably under the circumstances, about

16    a material fact regarding the contents or subject matter of the messages in violation of 15 U.S.C. §

17    7704(a)(2).

18        68.     Defendants engaged in a pattern and practice of initiating the transmission of

19    commercial electronic mail messages to a protected computer that did not contain clear and

20    conspicuous identification that the messages are advertisements or solicitations, clear and

21    conspicuous notice of the opportunity to decline to receive further commercial electronic mail

22    messages from the sender, or a valid physical postal address of the sender in violation of 15

23    U.S.C. § 7704(a)(5).

24        69.     Defendants initiated the transmission, to a protected computer, of commercial

25    electronic mail messages that are unlawful under 15 U.S.C. § 7704(a), with actual knowledge, or

26    knowledge fairly implied on the basis of objective circumstances, that the electronic mail address

27    of the recipient was obtained using an automated means that generates possible electronic mail

28

-12-

1  addresses by combining names, letters, or numbers into numerous permutations in violation of 15

2  U.S.C. § 7704(b)(1)(A)(ii), thereby committing an aggravated violation of CAN-SPAM.

3     70.  Defendants used scripts or other automated means to register for multiple

4  electronic mail accounts or online user accounts from which to transmit to a protected computer,

5  or enable another person to transmit to a protected computer, commercial electronic mail

6  messages that are unlawful under 15 U.S.C. § 7704(a) in violation of 7704(b)(1)(B)(2), thereby

7  committing an aggravated violation of CAN-SPAM.

8     71.  Defendants' spam commercial emails have injured Tagged by (a) causing

9  Tagged's servers to decrease their response time; (b) causing higher-bandwidth utilization; (c)

10  causing Tagged to expend significant sums of money on expensive hardware and software repairs

11  and upgrades to protect Tagged's users against spam commercial emails; (d) causing Tagged to

12  hire employees to monitor and stop spammers, such as Defendants, from initiating spam; (e)

13  deterring users and potential users from using Tagged.com; (f) damaging Tagged's good will and

14  reputation with its customers; and (g) causing other injuries to Tagged.

15     72.  Tagged is a provider of Internet access services adversely affected by Defendants'

16  violations of 15 U.S.C. § 7704(a)(1), 15 U.S.C. § 7704(a)(2), and (5).  Accordingly, Tagged

17  brings this civil action under 15 U.S.C. § 7706(g).

18     73.  Tagged is entitled to the greater of its actual monetary loss or statutory damages as

19  provided by 15 U.S.C. § 7706(g)(1)(B), in an amount to be proven at trial.

20     74.  Tagged is entitled to an award of aggravated damages in an amount equal to three

21  times the amount otherwise available pursuant to 15 U.S.C. § 7706(g)(3)(C) because Defendant

22  violated CAN-SPAM willfully and knowingly and Defendant's unlawful activity included one or

23  more of the aggravated violations set forth in 15 U.S.C. § 7704(b), including violations of 15

24  U.S.C. § 7704(b)(1)(A)(ii) and 15 U.S.C. § 7704(b)(1)(B)(2).

25     75.  Tagged is entitled to reasonable costs, including reasonable attorneys' fees as

26  provided by 15 U.S.C. § 7706(g)(4).

27

28

1

2

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17529.5**
**AGAINST DEFENDANTS**

3       76.     Tagged realleges and incorporates by reference, as if fully set forth herein, all of

4    the preceding paragraphs.

5       77.     Tagged is an electronic mail service provider because it is an intermediary in

6    sending or receiving electronic mail or provides to end users of the electronic mail service the

7    ability to send or receive electronic mail.

8       78.     Defendants advertised in commercial e-mail advertisements either sent from

9    California or sent to a California electronic mail address.

10      79.     Defendants' e-mail advertisements contained or were accompanied by falsified,

11   misrepresented, or forged header information in violation of California Business and Professions

12   Code § 17529.5(a)(2).

13      80.     Defendants' e-mail advertisements had subject lines that Defendants knew would

14   be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact

15   regarding the contents or subject matter of the messages in violation of California Business and

16   Professions Code § 17529.5(a)(3).

17      81.     Tagged is entitled to actual and liquidated damages pursuant to California

18   Business and Professions Code § 17529.5(B).

19      82.     Tagged is entitled to recover reasonable attorney's fees and costs pursuant to

20   California Business and Professions Code § 17529.5(C).

21

22

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. § 1030 AGAINST DEFENDANTS**

23      83.     Tagged realleges and incorporates by reference all of the preceding paragraphs.

24      84.     Tagged's computers are involved in interstate and foreign commerce and

25   communication, and are therefore protected computers under 18 U.S.C. § 1030(e)(2).

26      85.     The Affiliate Spammers knowingly and with intent to defraud, accessed Tagged's

27   computers without authorization, and by means of such conduct furthered the intended fraud and

28

1  obtained a thing of value (other than the use of the computers) in violation of 18 U.S.C. §

2  1030(a)(4).

3      86.    The Affiliate Spammers knowingly caused the transmission of a program,

4  information, code, or command, and as a result of such conduct, intentionally caused damage

5  without authorization, to Tagged's computers in violation of 18 U.S.C. § 1030(a)(5)(A).

6      87.    The Affiliate Spammers intentionally accessed Tagged's computers without

7  authorization, and as a result of such conduct, recklessly caused damage in violation of 18 U.S.C.

8  § 1030(a)(5)(B).

9      88.    The Affiliate Spammers intentionally accessed Tagged's computers without

10  authorization, and as a result of such conduct, caused damage and loss in violation of 18 U.S.C. §

11  1030(a)(5)(C).

12      89.    Affiliate Spammers' actions have caused loss to one or more persons, including,

13  but not limited to Tagged, in a one year period aggregating at least $5,000 in value.

14      90.    Defendants conspired to commit the above violations of 18 U.S.C. § 1030(a) in

15  violation of 18 U.S.C. § 1030(b), thereby making all Defendants liable for the acts complained of.

16      91.    Defendants' conduct has also caused irreparable harm and injuries to Tagged, and,

17  unless enjoined, will cause further irreparable injury, for which Tagged has no adequate remedy

18  at law.

19      92.    Under 18 U.S.C. § 1030(g), Tagged is entitled to injunctive relief, compensatory

20  damages, and other equitable relief.

21  **SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CAL. PEN. CODE § 502**
22  **AGAINST THE AFFILIATE SPAMMERS**

23      93.    Tagged realleges and incorporates by reference all of the preceding paragraphs.

24      94.    Tagged is the owner or lessee of the computers, computer systems, computer

25  network, computer programs, and data that operate the Tagged.com website and services.

26      95.    The Affiliate Spammers knowingly accessed and without permission altered,

27  damaged, deleted, destroyed, or otherwise used Tagged's data, computer, computer system, or

28  computer network in order to either (A) devise or execute a scheme or artifice to defraud or

deceive or (B) wrongfully control or obtain money, property, or data, in violation of California Penal Code § 502(c)(1).

96. The Affiliate Spammers knowingly accessed and without permission took, copied, or made use of data from a Tagged computer, computer system, or computer network, or took or copied any supporting documentation, whether existing or residing internal or external to a Tagged computer, computer system, or computer network, in violation of California Penal Code § 502(c)(2).

97. The Affiliate Spammers knowingly and without permission used or caused to be used computer services in violation of California Penal Code § 502(c)(3).

98. The Affiliate Spammers knowingly and without permission accessed or caused to be accessed a computer, computer system, or computer network in violation of California Penal Code § 502(c)(7).

99. Tagged has suffered and continues to suffer damage as a result of the Affiliate Spammers' violations of California Penal Code § 502 as alleged above and brings this action pursuant to California Penal Code § 502(e)(1).

100. The Affiliate Spammers' conduct also has caused irreparable harm and injuries to Tagged (including, but not limited to, Tagged's reputation and goodwill), and, unless enjoined, will cause further irreparable injury, for which Tagged has no adequate remedy at law.

101. The Affiliate Spammers willfully violated California Penal Code § 502 in derogation of Tagged's rights and the rights of legitimate Tagged users, and their actions as alleged above were carried out with oppression, fraud and malice.

102. Pursuant to California Penal Code § 502(e), Tagged is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST DEFENDANTS

103. Tagged realleges and incorporates by reference all of the preceding paragraphs.

-16-

1    104.    Tagged was in a contractual relationship with the Tagged users targeted through

2    Defendants' spam campaign.

3    105.    The Defendants knew of the contract between Tagged and these users.

4    106.    The Defendants intended to disrupt the performance of the contract between

5    Tagged and these users.

6    107.    The Defendants' conduct prevented performance or made performance more

7    expensive or difficult.

8    108.    Tagged was harmed and the Defendants' conduct was a substantial factor in

9    causing Tagged's harm.

10   109.    The Defendants' conduct has damaged Tagged, and caused and continues to cause

11   irreparable harm and injury to Tagged.

12   110.    Tagged is entitled to injunctive relief and damages.

13   111.    Tagged is informed and believes that Defendants' conduct was undertaken with

14   the intent to injure Tagged, or with a willful and conscious disregard for Tagged's rights, and

15   constitutes clear and convincing evidence of oppression, fraud and malice under California Civil

16   Code § 3294.  As a result, Tagged is entitled to an award of punitive damages against Defendants

17   in an amount sufficient to deter them from future misconduct.

18   **EIGHTH CLAIM FOR RELIEF**
     **INTENTIONAL INTERFERENCE WITH PROSPECTIVE**
19   **ECONOMIC RELATIONS AGAINST DEFENDANTS**

20   112.    Tagged realleges and incorporates by reference all of the preceding paragraphs.

21   113.    Tagged and its users were in an economic relationship that would have resulted in

22   an economic benefit to Tagged.

23   114.    The Defendants knew of the relationship.

24   115.    The Defendants intended to disrupt the relationship.

25   116.    The Defendants' engaged in wrongful conduct through fraud and deceit as alleged

26   above.

27   117.    The relationship between Tagged and its users was disrupted.

28

58520-0015/LEGAL15728451.1                          -17-

118.     Tagged was harmed and the Defendants' wrongful conduct was a substantial factor in causing Tagged's harm.

119.     The Defendants' conduct has damaged Tagged, and caused and continues to cause irreparable harm and injury to Tagged.

120.     Tagged is entitled to injunctive relief and damages.

121.     Tagged is informed and believes that Defendants' conduct was undertaken with the intent to injure Tagged, or with a willful and conscious disregard for Tagged's rights, and constitutes clear and convincing evidence of oppression, fraud and malice under California Civil Code § 3294.  As a result, Tagged is entitled to an award of punitive damages against Defendants in an amount sufficient to deter them from future misconduct.

**NINTH CLAIM FOR RELIEF**
**TRESPASS TO CHATTELS AGAINST DEFENDANTS**

122.     Tagged realleges and incorporates by reference all of the preceding paragraphs.

123.     The Affiliate Spammers intentionally and without authorization interfered with Tagged's possessory interest in its computer system.

124.     The Affiliate Spammers' unauthorized use proximately resulted in damage to Tagged.

125.     The Affiliate Programs are liable as co-conspirators for the trespass to chattels committed by the Affiliate Spammers for the reasons alleged above.

126.     Tagged is informed and believes that Defendants' conduct was undertaken with the intent to injure Tagged, or with a willful and conscious disregard for Tagged's rights, and constitutes clear and convincing evidence of oppression, fraud and malice under California Civil Code § 3294.  As a result, Tagged is entitled to an award of punitive damages against Defendants in an amount sufficient to deter them from future misconduct.

**TENTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101, *ET SEQ.* AGAINST DEFENDANTS**

127.     Tagged realleges and incorporates by reference all of the preceding paragraphs.

128.     Tagged owns all right, title and interest, including copyrights, in and to its website.

1    129.    Tagged's website displays copyright notices.

2    130.    Tagged has obtained registered copyrights relating to Tagged.com, including but

3  not limited to its Messages, Comments, and external email features.  The registration numbers

4  issued by the United States Copyright Office relevant to this lawsuit include: TX 6-912-159, TX

5  6-912-171, TX 6-912-177, TX 6-912-180, TX 6-912-187, TX 6-912-190, and TX 6-912-195.

6    131.    The Affiliate Spammers had and have access to Tagged's website.

7    132.    The Affiliate Spammers have copied, and/or created derivative works from,

8  Tagged's website and/or portions thereof, including the copyright-registered portions referred to

9  above, and continue to do so.

10    133.    The Affiliate Spammers' copies and/or derivative works are substantially similar

11  to Tagged's original copyright-protected website.

12    134.    The copies and/or derivative works created by the Affiliate Spammers are

13  unauthorized.

14    135.    At all times relevant, the Defendants obtained direct financial benefit from the

15  infringement and had the right and ability to control the infringing conduct, and/or intentionally

16  induced, encouraged, caused or materially contributed to the infringement.

17    136.    The foregoing acts of the Defendants constitute direct infringement, vicarious

18  infringement and/or contributory infringement of Tagged's exclusive rights in its copyrighted

19  works under 17 U.S.C. § 106.

20    137.    The Defendants' actions were and are intentional, willful, wanton and performed

21  in disregard of Tagged's rights.

22    138.    Tagged has been and will continue to be damaged, and Defendants have been

23  unjustly enriched, by their unlawful infringement of Tagged's copyrighted works in an amount to

24  be proven at trial.

25    139.    Defendants' conduct also has caused irreparable harm and injuries to Tagged, and,

26  unless enjoined, will cause further irreparable injury, for which Tagged has no adequate remedy

27  at law.

28

1    140.    Tagged is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but

2  not limited to, injunctive relief, an order for the impounding and destruction of all Defendants'

3  infringing copies and/or derivative works, compensatory damages (including, but not limited to

4  actual damages and/or Defendants' profits), statutory damages, punitive damages, and Tagged's

5  costs and attorneys' fees in amounts to be determined at trial.

6                          **ELEVENTH CLAIM FOR RELIEF**
   **VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")**
7    **17 U.S.C. § 1201, *ET SEQ.* AGAINST THE AFFILIATE SPAMMERS**

8    141.    Tagged realleges and incorporates by reference all of the preceding paragraphs.

9    142.    Tagged owns all right, title and interest, including copyrights, in and to its website.

10   143.    Tagged employs numerous technological measures to effectively protect and

11 control access to and use of its copyrighted website and/or portions thereof.

12   144.    Defendants have circumvented and are circumventing technological measures that

13 effectively control access to Tagged's copyrighted website and/or portions thereof in violation of

14 17 U.S.C. § 1201(A).

15   145.    Tagged has been and will continue to be damaged in an amount not presently

16 known with certainty, but which will be proven at trial.

17   146.    Defendants' conduct also has caused irreparable harm and injuries to Tagged, and,

18 unless enjoined, will cause further irreparable injury, for which Tagged has no adequate remedy

19 at law.

20   147.    Tagged is entitled to the range of relief provided by 17 U.S.C. §§ 1201-1203,

21 including, but not limited to, injunctive relief, impoundment and destruction of the circumventing

22 devise, actual damages and profits or statutory damages, and Tagged's costs and attorneys' fees

23 in amounts to be proven at trial.

24                          **TWELFTH CLAIM FOR RELIEF**
   **VIOLATION OF CALIFORNIA BUSINESS AND**
25    **PROFESSIONS CODE § 17200 AGAINST DEFENDANTS**

26   148.    Tagged realleges and incorporates by reference all of the preceding paragraphs.

27   149.    By the acts described above, Defendants have engaged in unlawful and unfair

28 business practices and have performed unfair, unlawful, and fraudulent acts in violation of

California Business and Professions Code Sections 17200 *et seq.*, causing injury to Tagged and its business and property.

150.     Unless enjoined, Defendants' actions will continue to cause injury to Tagged. Accordingly, Tagged is entitled to temporary, preliminary, and permanent injunctive relief.

### VII.     PRAYER FOR RELIEF

WHEREFORE, plaintiff Tagged, Inc. prays for the following relief:

1.     An injunction preliminarily and permanently enjoining and restraining all Defendants, their officers, servants, attorneys, employees, agents, and all persons or entities acting in concert or participation with any of them during the pendency of this action and thereafter perpetually from:

(a)     Initiating, originating, procuring, transmitting, sending, or causing to be sent commercial electronic messages or any commercial communications on or through Tagged's computers, Tagged's website, or Tagged's networks;

(b)     Paying, inducing, persuading, facilitating, enticing, or causing others to initiate, originate, procure, transmit, send, or cause to be sent commercial electronic messages or any commercial communications on or through Tagged's computers, Tagged's website, or Tagged's networks;

(c)     Accessing or attempting to access Tagged's website, networks, data, information, user information, profiles, computers and/or computer systems for commercial purposes;

(d)     Engaging in any activity that is intended to harm Tagged;

(e)     Copying, distributing, displaying, creating derivative works or otherwise using protected elements of Tagged's copyrighted website (located at www.tagged.com), or inducing, encouraging, causing or materially contributing to any other person or entity's efforts to do the same, for commercial purposes;

(f)     Circumventing technological measures that control access to Tagged's website and/or portions thereof, or inducing, encouraging, causing or materially contributing to any other person or entity's efforts to do the same;

1         (g)    Manufacturing, developing, creating, adapting, modifying, exchanging,

2    offering, selling, distributing, providing, importing, trafficking in, purchasing, acquiring,

3    transferring, marketing, or using any program, device, or service designed to provide an

4    automated means of accessing Tagged's website, creating Tagged accounts, or sending emails or

5    other content on or through Tagged's website, including, but not limited to, any program, device,

6    or service that is, in whole or in part, designed to circumvent security measures on the Tagged

7    website; and

8         (h)    Misusing or abusing Tagged, the Tagged website, or Tagged services in

9    any manner.

10       2.    An order requiring Defendants to account for, hold in constructive trust, pay over

11   to Tagged, and otherwise disgorge all profits derived by Defendants from their unlawful conduct

12   and unjust enrichment as permitted by law;

13       3.    An award to Tagged of damages, including, but not limited to, actual damages and

14   profits, compensatory, statutory, and punitive damages, as permitted by law;

15       4.    For an award of prejudgment and post-judgment interest; and

16       5.    An award to Tagged of its costs of suit, including, but not limited to, reasonable

17   attorneys' fees, as permitted by law;

18       6.    For such other relief as the Court deems just and proper.

19

20   DATED:  April 17, 2009              **PERKINS COIE** LLP

21

22                       By:

23                         David Chiappetta (SBN 172099)
                           DChiappetta@perkinscoie.com
                           Brian Hennessy (SBN 226721)

24                         BHennessy@perkinscoie.com

25                       Attorneys for Plaintiff
                         Tagged, Inc.

26

27

28

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are

3  triable to a jury.

4

5  DATED:  April 17, 2009                    PERKINS COIE LLP

6
                                           By: _____
7                                              David Chiappetta (SBN 172099)
                                               DChiappetta@perkinscoie.com
8                                              Brian Hennessy (SBN 226721)
                                               BHennessy@perkinscoie.com
9
                                           Attorneys for Plaintiff
10                                          Tagged, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28